IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10818
Conference Calendar

_____


ALFREDO URDIALES,

                                        Plaintiff-Appellant,

versus

SCOTT, Nurse; TEXAS BOARD OF PARDONS & PAROLES,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:98-CV-113
- - - - - - - - - -

April 19, 1999

Before JONES, SMITH and DUHÉ, Circuit Judges.

PER CURIAM:[*]

     Alfredo Urdiales, Texas prisoner # 562854, seeks to appeal the district court's dismissal of his 42 U.S.C. § 1983 action. The district court held that Urdiales was challenging the denial of parole and that he must pursue his action through a writ of habeas corpus. The court dismissed the action without prejudice to his right to seek federal habeas relief after his state remedies were exhausted. Urdiales argues that the district court erred in characterizing his § 1983 complaint as a challenge to

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the denial of parole sounding in habeas. He cites <u>Cook v. Texas Dep't of Criminal Justice Planning Dep't</u>, 37 F.3d 166 (5th Cir. 1994) in support of his argument that his claims are properly brought in this § 1983 action. He states that he wants the parole examiner and the Parole Board to cease from considering at future parole hearings the allegations of charges that were dismissed.

Urdiales is not challenging the outcome of a single defective parole hearing. He is challenging the Board's ability, procedurally, to consider a particular dismissed charge in future parole determinations. Urdiales is correct that the district court erred in characterizing his § 1983 complaint as a habeas action and dismissing it for exhaustion of state remedies. <u>Cook</u>, 37 F.3d at 168.

Having concluded that Urdiales' claims were properly filed in this § 1983 action, we note that Urdiales has had three actions or appeals dismissed as frivolous, subjecting him to 28 U.S.C. § 1915(g). <u>See</u> <u>Urdiales v. Larowe</u>, No. 95-20446 (5th Cir. Aug. 23, 1995) (district court and this court dismissed as frivolous); <u>Urdiales v. Nguyen</u>, No. G-93-61 (S.D. Tex. Jul. 12, 1995) (district court dismissed as frivolous; Urdiales voluntarily dismissed appeal).

Urdiales is BARRED from proceeding IFP under the Prison Litigation Reform Act of 1995 (PLRA) because, on at least three prior occasions while incarcerated, Urdiales has brought an action or appeal in a United States Court that was dismissed as frivolous. 28 U.S.C. § 1915(g); <u>Adepegba v. Hammons</u>, 103 F.3d

383, 387 (5th Cir. 1996). Accordingly, Urdiales' IFP status is DECERTIFIED, and he may not proceed IFP in any civil action or appeal filed while he is in prison unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). This appeal is DISMISSED.

Urdiales has 15 days from the date of this opinion to pay the full appellate filing fee of $105 to the clerk of the district court, should he wish to reinstate his appeal.

IFP DECERTIFIED; APPEAL DISMISSED.